UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUDITH MOON, an individual,

              Plaintiff,

v.

GMAC MORTGAGE CORPORATION,
d/b/a DITECH.COM, a Pennsylvania
Corporation, et al.,

              Defendants.

C08-969Z

ORDER

This matter comes before the Court on GMAC Mortgage Corporation, d/b/a/ Ditech.com ("GMACM"), Mortgage Electronic Registration Systems, Inc. ("MERS"), First American Title Insurance Co. ("First American"), and Executive Trustee Services, LLC, ("ETS")'s Motion to Dissolve Injunction and Proceed with Foreclosure, docket no. 20, and Plaintiff's Cross-Motion to Excuse Mortgage Payment Into Court Registry, docket no. 26. The Court, being fully advised, now enters the following Order.

**Background**

Plaintiff, Judith Moon, is currently 63 years old. Declaration of Judith Moon, docket no. 39, ¶ 2 ("Moon Decl."). Plaintiff and her husband were together for over 42 years, have no children, and lived at 18101 Trombley Road in Snohomish, Washington for many years. *Id.*

ORDER 1–

In April 2006, the Moons refinanced their existing two mortgages with GMACM. Judith Moon's Amended Complaint for Damages and Enjoin Foreclosure, docket no. 3, ¶ 3.6. The new first mortgage was for $180,000, and effectively paid off a prior first mortgage with Chase Mortgage plus a prior second mortgage with GMACM. *Id.* ¶ 3.13. The new second mortgage was for $45,000, and the Moons used the loan proceeds to pay off their credit cards and car as well as their mortgage. *Id.* ¶ 3.19. Plaintiff alleges that they did not receive proper HUD-1 and Truth-in-Lending disclosures. *Id.* ¶ 3.22. Both loans were secured by deeds of trust and listed the Moons as the borrowers, GMACM as the lender, Trans Nation Title Company as the trustee, and MERS as the nominee and beneficiary. *Id.* ¶ 3.23.

In August 2007, plaintiff's husband died of a sudden heart attack. Moon Decl. ¶ 4. He was the main wage earner, made most of the financial decisions, and his death left Mrs. Moon emotionally and financially devastated. *Id.* Mrs. Moon contacted GMACM within a few weeks of her husband's death to try to obtain some type of work-out or a short-sale of her property. *Id.* ¶ 5. Mrs. Moon says that GMACM did not meaningfully speak to her and so she retained attorneys to assist her. *Id.* ¶¶ 5-6.

On or about February 25, 2008, a Notice of Trustee's Sale was issued setting the sale date for May 30, 2008. *See* Exhibit B to the Declaration of Zeshan Q. Khan In Support of Plaintiff's Opposition to Defendant Transnation Title Insurance Company's Motion to Dismiss, docket no. 31. On May 27, 2008, Mrs. Moon obtained a temporary restraining order from the Snohomish County Superior Court stopping the sale and setting a hearing date of June 10, 2008, for a preliminary injunction. *See id.*, Exhibit C.

On June 10, 2008, plaintiff obtained a preliminary injunction from the Snohomish County Superior Court prohibiting the sale of her home pending further court order. Declaration of Erin M. Stines, docket no. 21, ¶ 2 and Exhibit A ("Stines Decl. ISO Motion to Dissolve").

ORDER  2–

In granting the preliminary injunction, the court found:

> 1. That Plaintiff, Judith Moon, has shown (1) a clear legal or equitable right, (2) that she has a well-grounded fear of immediate invasion of that right, and (3) that actual harm will result if the injunction is not granted.
>
> 2. An Order for Preliminary Injunction should be issued as requested by Plaintiff pursuant to RCW 7.40.050.

*Id.*

The court ordered that "No security shall be required from Mrs. Moon, except . . . Mrs. Moon shall make her monthly payments toward her mortgages as payments become due on each month, beginning August 1, 2008. Payments will be made directly to the court registry." *Id.*

After obtaining the preliminary injunction, Mrs. Moon listed her home for sale with a real estate broker. Moon Decl. ¶ 7. She has maintained the house in salable condition and has maintained insurance on the property. *Id.* Mrs. Moon now lives in Soda Springs, Idaho, and works at a hardware store earning $7.35 per hour and about $880 per month before taxes. *Id.* ¶ 8. She had hoped and expected a higher paying job, but has not yet found one. *Id.* Mrs. Moon also earns about $1,210 from her husband's social security benefits. *Id.* She pays about $537 per month for housing and about $236 per month for a car. *Id.* ¶ 9. Mrs. Moon says she cannot afford to make the monthly mortgage payments for the Snohomish property, which are roughly $1,600 per month. *Id.*

On June 20, 2008, the case was removed to this Court. Notice of Removal, docket no. 1. On or about July 31, 2008, a notice of postponement of the trustee's sale was issued stating that the sale "has been postponed to 8/29/2008 at 12/30/1899 [sic]." Exhibit C to the Declaration of Zeshan Q. Khan in Support of Plaintiff's Opposition to Motion to Dissolve Injunction and Cross-Motion to Excuse Mortgage Payment ("Zeshan Decl."), docket no. 27. Mrs. Moon has failed to make any monthly payments to the court registry. *See* letters between counsel discussing Mrs. Moon's failure to make payments to the court registry, attached as Exhibits C and D to the Stines Decl. ISO Motion to Dissolve.

ORDER 3–

**Discussion**

**A.     Motion to Dissolve or Modify Preliminary Injunction Standard**

An injunction obtained in state court prior to removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *see also* Granny Goose Foods v. Teamsters, 415 U.S. 423, 435-36 (1974). The party seeking modification or dissolution of the injunction bears the burden of establishing that "a significant change in facts or law warrants revision or dissolution of the injunction." Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000). A significant change is one that pertains to the underlying reasons for the injunction. United States v. Swift & Co., 189 F.Supp. 885, 905 (D.C.Ill. 1960), *aff'd per curiam*, 367 U.S. 909 (1961) ("Conditions existing at the time of original entry must be compared with conditions at the time of requested modification, and the significance of the difference measured in the light of these original reasons"). In addition, the moving party must show that its proposed modification is "suitably tailored to the changed circumstance." Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999) (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 393 (1992)).

Here, the June 10th order granting a preliminary injunction remains in effect until dissolved or modified by this Court. Defendants and plaintiff both seek to modify the injunction and therefore each bears the burden of showing that any proposed modification is warranted by a change in the facts or law. If the Court grants the motion to dissolve, plaintiff requests that the foreclosure process be started anew while defendants request attorney's fees and costs for dissolving a wrongful injunction.

**B.     Defendants' Motion to Dissolve or Modify Preliminary Injunction**

Defendants contend that a significant change in the facts has occurred as plaintiff has failed to make her monthly mortgage payment to the court registry as required by the June 10th preliminary injunction order. Defendants argue that RCW 61.24.130 requires that

ORDER   4–

monthly mortgage payments be made to keep the parties at status quo, and therefore dissolving the injunction is appropriate under the changed circumstances.

Plaintiff argues that no change in the circumstances for defendants has occurred because they maintain a security interest in the property and the house is in the same condition as it was on June 10, when the injunction was entered. Plaintiff further argues that defendants' interests are protected because the house is insured against damage. Finally, plaintiff argues that a bond is not required under Washington law, and that the current injunction consists of two separate and independent orders: (1) an order precluding the foreclosure sale, and (2) an order requiring monthly mortgage payments into the court registry. Plaintiff reasons that failure to comply with one of those orders does not affect the viability of the other.

Nonjudicial foreclosures in Washington are governed by the deed of trust act, chapter 61.24 RCW, which should be construed to further three basic goals: (1) the nonjudicial foreclosure process should remain efficient and inexpensive; (2) the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure; and (3) the process should promote the stability of land titles. *Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985). The act provides that a trustee's sale can be restrained "on any proper legal or equitable ground." RCW 61.24.130(1). However, the act also states that "[t]he court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed . . . ." *Id.* This statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox*, 103 Wn.2d at 388, 693 P.2d 683.

Plaintiff's argument that defendants' circumstances have not changed ignores the fact that defendants are not receiving monthly payments under the injunction. *See Tandiama v.*

ORDER 5–

*NovaStar Mortg., Inc.*, 2005 WL 2206890, at *3 (W.D.Wash. 2005) (requiring monthly payments to the court registry under RCW 61.24.130 "because enjoining the foreclosure deprives [the lender] from recovering nearly two years of unpaid principal and interest. Although the court is sympathetic to the [borrowers'] financial plight and the alleged violations that occurred, the [borrowers] cannot remain in their home without making their mortgage payments.")

In addition, plaintiff's argument that a bond is not required under Washington law is unpersuasive. Plaintiff cites *Bowcutt v. Delta North Star Corp.*, 95 Wn.App. 311, 976 P.2d 643 (1999), for the proposition that superior courts have equitable powers, including injunctive relief, which cannot be abrogated or restricted by the legislature. However, the facts and reasoning in *Bowcutt* are easily distinguishable. *Bowcutt* involved potential violations of the criminal profiteering act, chapter 9A.82 RCW, which are not alleged here. The court in *Bowcutt* did not hold that the requirements of RCW 61.24.130 could be waived, but rather held that the deeds of trust act did not apply. *See id.* at 321 (noting that "the [trial] court granted the injunction pursuant to RCW 61.24.130, . . . [but] should have granted the injunction under RCW 9A.82"). As such, the *Bowcutt* case is not pertinent to the facts here.

Finally, plaintiff's argument that the injunction consists of two separate and independent orders is incorrect. The deeds of trust act makes clear that making monthly payments to the court registry is a prerequisite to obtaining an injunction. *See* RCW 61.24.130(1) ("The court shall require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed"). The superior court imposed this requirement when it ordered that "Mrs. Moon shall make her monthly payments toward her mortgages as payments become due on each month, beginning August 1, 2008. Payments will be made directly to the court registry." Exhibit A to the Stines Decl. ISO Motion to Dissolve.

ORDER  6–

In sum, plaintiff's failure to make her monthly payments to the court registry amounts to a significant change in the facts, and the injunction should be dissolved unless she can succeed on her cross-motion to excuse her payments.

**C.      Plaintiff's Cross-Motion to Excuse Mortgage Payment Into Court Registry**

Plaintiff argues that factual circumstances have changed in that she had hoped to obtain a higher paying job and did not anticipate such difficulty in selling the Snohomish property. Defendants argue that under RCW 61.24.130 the Court must require monthly payments by plaintiff, regardless of her financial status. If the injunction is preserved, defendants seek an additional $10,000 to cover anticipated legal fees and costs to which defendants claim they are entitled in the event the preliminary injunction is determined to be wrongful.

Modification of an injunction can be appropriate when an injunction "proves to be unworkable because of unforeseen obstacles," or "when changed factual conditions make compliance with the decree substantially more onerous." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992). Here, plaintiff does not show that changed factual circumstances, such as loss of a job or new financial difficulties, have occurred since entry of the June 10th injunction. To the contrary, plaintiff's financial situation largely remains the same. The fact that her situation has not improved as she hoped it would does not amount to a significant change in circumstances.

Moreover, plaintiff fails to show that she made a good faith effort to comply with the conditions of the injunction, which can be grounds for denying her requested modification, and can also merit a finding of contempt. *See Wyatt, By and Through Rawlins v. King*, 803 F.Supp. 377, 389 n.12 (M.D.Ala. 1992) (noting that a good faith effort to comply with a consent decree "may be a prerequisite to approval of a request for modification"). Although plaintiff contends that she cannot make the full monthly payments, she does not explain why she has not or cannot make partial monthly payments.

ORDER  7–

1    Accordingly, the Court DENIES plaintiff's cross-motion on the grounds that she has
2 not established a significant change in factual circumstances and she has not shown good
3 faith efforts to comply with the injunction.

**D.    Plaintiff's Request That Foreclosure Process Be Started Anew**

Plaintiff contends that defendants made numerous procedural failings in the foreclosure process and cites to the Amended Complaint for support. More specifically, plaintiff argues that at least one defendant violated the injunction when it sent out a "Notice of Postponement" on July 31, 2008, resetting the foreclosure sale date for August 29, 2008. Defendants dispute that any procedural errors were made and argue that plaintiff's blanket allegations are not supported by any evidence. In addition, defendants argue that they were required under RCW 61.24.040(6)(a) to provide notice of a new sale date. Finally, defendants argue that they are entitled under RCW 61.24.130(3) to conduct the foreclosure sale with forty-five days notice from the date the injunction is dissolved.

Plaintiff's citation to the Amended Complaint is without factual support and thus fails to show that defendants did not comply with the deeds of trust act. In addition, plaintiff's argument that the notice of postponement was in bad faith and in violation of the injunction ignores the plain language of RCW 61.24.130(6), which states that "[t]he issuance of a restraining order or injunction shall not prohibit the trustee from continuing the sale as provided in RCW 61.24.040(6)." RCW 61.24.040(6) in turn provides that "[t]he trustee has no obligation to, but may, for any cause the trustee deems advantageous, continue the sale for a period or periods not exceeding a total of one hundred twenty days," as long as notice is provided to interested parties. As such, plaintiff fails to show that postponing the sale date violated either the deeds of trust act or the injunction.

Plaintiff also incorporates by reference her motion for a preliminary injunction before the superior court, in which she argues that defendants failed to properly appoint a successor trustee. *See* Exhibit A, p. 7, to Zeshan Decl. (attaching Mrs. Moon's Reply Motion for

ORDER  8–

Preliminary Injunction). The deeds of trust act allows a beneficiary, such as MERS, to appoint a successor trustee, which MERS did in this case. Plaintiff argues, however, that MERS cannot be a beneficiary and therefore MERS' appointment of a new trustee was invalid. RCW 61.24.005(2) defines a beneficiary as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." Plaintiff provides a printout from MERS' website stating that it is an electronic registry that tracks the ownership of loans. Plaintiff argues that because MERS only registers documents it does not actually hold them. Plaintiff's argument is unconvincing. Simply because MERS registers documents in a database does not prove that MERS cannot be the legal holder of an instrument.

In conclusion, plaintiff fails to show that defendants did not comply with the deeds of trust act. RCW 61.24.130(3) states that if an injunction is dissolved, the court "shall, at the request of the trustee, set a new sale date which shall be not less than forty-five days from the date of the order dissolving the restraining order." Defendants do not request a specific new sale date. Accordingly, the Court dissolves the injunction and will permit the Trustee to choose a new sale date at least forty-five days from the date of this Order.

**E.    Defendants' Request for Attorney's Fees and Costs**

Defendants contend that they are automatically entitled to attorney's fees and costs if the preliminary injunction is dissolved. Defendants did not make this argument until their reply brief and plaintiff has not filed a surreply.

RCW 61.24.130(1) states that a court, "may condition granting the restraining order or injunction upon the giving of security by the applicant, in such form and amount as the court deems proper, for the payment of such costs and damages, including attorneys' fees, as may be later found by the court to have been incurred or suffered by any party by reason of the restraining order or injunction. The court may consider, upon proper showing, the grantor's equity in the property in determining the amount of said security." At the time the injunction

ORDER   9–

was entered the defendants requested a $10,000 bond for anticipated legal fees and costs but the superior court rejected the request.

Defendants argue that the superior court's decision to deny the request for attorney's fees is irrelevant because they are automatically entitled to attorney's fees and costs. Defendants are wrong. In Washington, "[t]he applicable equitable rule is that attorney fees *may* be awarded to a party who prevails in dissolving a wrongfully issued injunction . . . . The award is discretionary . . . ." <u>Confederated Tribes of Chehalis Reservation v. Johnson</u>, 135 Wn.2d 734, 758-759, 958 P.2d 260 (1998). Defendants also argue that it now appears that plaintiff wrongfully obtained the preliminary injunction to avoid her financial obligations; however, this is pure speculation. Given that attorney's fees and costs are discretionary, the Court denies the request.

**<u>Conclusion</u>**

For the reasons stated, the Court GRANTS IN PART Defendants GMACM, MERS, First American and ETS's Motion to Dissolve Injunction and Proceed with Foreclosure, docket no. 20. The Court dissolves the injunction and will permit the Trustee to choose a new sale date at least forty-five days from the date of this Order. The Court DENIES defendants' request for attorney's fees and costs. In addition, the Court DENIES Plaintiff's Cross-Motion to Excuse Mortgage Payment Into Court Registry, docket no. 26.

IT IS SO ORDERED.

DATED this 24th day of October, 2008.

Thomas S. Zilly
United States District Judge

ORDER 10–