The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JUDITH MOON, an individual, | No.  08-cv-969-TSZ |
| Plaintiff, | PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES |
| v. | |
| GMAC MORTGAGE CORPORATION, d/b/a DITECH.COM, a Pennsylvania corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, a.k.a. MERS, a Delaware corporation; and TRANS NATION TITLE COMPANY, a corporation, FIRST AMERICAN TITLE INSURANCE COMPANY, a corporation, and EXECUTIVE TRUSTEE SERVICES, LLC, a limited liability company, | **Date of Consideration: January 8, 2010**  *Requested:  With Oral Argument* |
| Defendants. | |

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 1



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

## I.   RELIEF REQUESTED

COMES NOW plaintiff Judith Moon (hereinafter "plaintiff"), by and through her counsel Antoinette M. Davis and Resolve Legal PLLC (hereinafter "Resolve"), and respectfully asks this Court for an award of attorneys' fees, costs and expenses pursuant to 12 U.S.C. §2605(f), Reg. X, 24 C.F.R. §3500.21(f) and RCW 19.86 et. seq. against defendant GMAC Mortgage Corporation (hereinafter "GMACM" or "defendant").

## II.   FACTS[1]

1. On May 23, 2008, plaintiff filed in Snohomish County Superior Court a Temporary Restraining Order against GMACM and defendants Transnation Title Company, First American Title Insurance Company, MERS and Executive Trustees Service to enjoin the Trustee's Sale of May 30, 2008, along with a Complaint alleging the following claims: Breach of Fiduciary Duty, violation of TILA, the Deeds of Trust Act, RESPA, and CPA, and Intentional Infliction of Emotional Distress.

2. On June 23, 2008, the matter was removed by defendants to Federal Court.

3. On June 27, 2008, plaintiff amended her Complaint to add allegations of Negligent Infliction of Emotional Distress, Misrepresentation/Fraud and Unconscionability and Declaratory & Injunctive Relief.

4. On July 16, 2008, defendants GMACM, FATCO, ETS and MERS answered the Amended Complaint.

5. On July 16, 2008, Motion to Remand was filed by plaintiff; it was denied on August 18, 2008.

6. On August 6, 2008, defendants GMACM, FATCO, ETS and MERS filed a Motion to Dissolve Injunction and Proceed with Foreclosure, which was granted as to the dissolution of the injunction and denied as to defendants' request for attorneys' fees and costs on October 24, 2008.

7. On August 7, 2008, defendant Transnation filed a 12(b)(6) Motion to Dismiss that was denied by the Court on September 11, 2008.

8. On August 18, 2008, plaintiff filed a Motion to Excuse Moon's Mortgage payment, which was denied by the Court on October 24, 2008.

---

[1] The facts outlined herein are based upon the records and documents filed with the Court.

PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES - 2



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

9. On or about October 18, 2008, defendant Transnation answered the Amended Complaint.

10. On February 17, 2009, plaintiff filed a Motion to Quash and for Protective Order to prevent the deposition of her former Resolve Legal attorney Zeshan Khan by the defendants. The Court denied the motion on March 20, 2009.

11. On May 20, 2009, defendant Transnation was dismissed from the underlying lawsuit by stipulation and order.

12. On June 25, 2009, defendants GMACM, FATCO, ETS and MERS filed an Amended Answer to add the counterclaim of Breach of Promissory Note on the 10.75% HELOC.

13. On June 29, 2009, defendants GMACM, FATCO, ETS and MERS filed a Motion to Disqualify Shelly Crocker and Resolve Legal as counsel for plaintiff.  The motion was denied by the Court on July 30, 2009.

14. On July 15, 2009, the parties' filed cross summary judgment motions.  On October 2, 2009, the Court denied in part and granted in part the motions, determining plaintiff has proven four violation of RESPA due to GMACM's failure to timely respond to three QWRs, and allowing questions of pattern or practice and emotional distress under RESPA and per se violation of the CPA as a result of the RESPA violations, and GMACM's breach of promissory note to go to trial.  All other parties and claims were dismissed.

15. On August 4, 2009, plaintiff moved to quash/strike defendants GMACM, FATCO, ETS and MERS' Amended Answer for failure to comply with the civil rules.  On August 24, 2009, the Court denied the motion but allowed leave for plaintiff to answer the defendants' counterclaim.

16. On September 9, 2009, plaintiff answered defendants GMACM, FATCO, ETS and MERS' Counterclaim.

17. On October 20, 2009, GMACM filed a Motion for Reconsideration regarding the Court's Order on summary judgment; the motion was denied on October 23, 2009.

18. On November 19, 2009, a settlement conference with the Honorable Judge Mary Alice Theiler was held, resulting in settlement of all remaining claims but leaving for the Court the issue of plaintiff's attorneys' fees, costs and expenses.

### III.   STATEMENT OF ISSUES

1. Whether the Court should award reasonable attorneys' fees to plaintiff's counsel for time spent litigating the underlying matter.

2. Whether the Court should award costs and litigation expenses to plaintiff's counsel.

PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES - 3



RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

## IV. EVIDENCE RELIED UPON

Plaintiff relies upon the records and pleadings already filed with the Court and the evidence in the Declarations of Shelly Crocker, with attachment thereto.

## V. AUTHORITY AND ARGUMENT[2]

A. <u>CONGRESS ALLOWS FEE AWARD TO SUCCESSFUL RESPA PLAINTIFFS TO ENCOURAGE PRIVATE ATTORNEYS TO TAKE CASES WHICH WOULD LIKELY RESULT IN SMALL PECUNIARY RECOVERIES, BUT EFFECTUATE AND ENFORCE POLICIES THAT CONGRESS HAS DEEMED IMPORTANT.</u>

The general purpose of the RESPA and other similar consumer statutes is to acknowledge and protect against extreme power imbalances and to provide tools to typically under-represented constituencies. *See e.g.*, 12 U.S.C. 2601(a). The benefits to the public as a whole resulting from lawsuits, which encourage compliance with statutory provisions, are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorneys' fees. In fact, Congress included fee-shifting provisions in certain civil rights and consumer protection statutes so that plaintiffs would be able to attract competent counsel to handle their cases. As Senator John V. Tunney remarked in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, 477 U.S. 561, 575, 106 S. Ct. 2686, 2694 (1986) (plurality) ((quoting 122 Cong. Rec. 33313 (1976) (remarks of Sen. Tunney)). The Third Circuit amplified this thought, stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive

---

[2] The facts herein are contained in the Declaration of Shelly Crocker, submitted herewith and incorporated herein.

rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.  *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).  "Congress has relied on such plaintiffs to act as private attorneys general."  *Id.*, at 1450 n.13.

*Also see Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *Tolentino v. Friedman*, 46 F.3d 645, 652-53 (7th Cir. 1995).  In particular, RESPA provides, "in any private action brought pursuant to this subsection, the court may award to the prevailing party the court costs of the action together with reasonable attorneys fees."  12 U.S.C. §2607(d)(5).  This language is similar to that in the Fair Debt Collection Practices Act, which awards to a prevailing party "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. §1692k(3).

    The Ninth Circuit has likened RESPA to civil rights statutes with similar attorney fees provisions.  "[P]laintiffs in Title VII cases are a chosen instrument of Congress, who receive attorneys fees because the unsuccessful defendant is also a violator of federal law.  The same holds true for RESPA plaintiffs."  *Lane v. Residential Fund. Corp.*, 323 F.3d 739, 748 (9th Cir. 2003).  Specifically, civil rights cases illustrate the policy purposes that support an award of attorney fees in the instant action.  "Plaintiffs prevailing in a civil rights action should ordinarily receive attorney's fees unless special circumstances would render such an award unjust."  *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124, 1125 (9th Cir. 1983).  Accordingly, "[t]he congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law.  Thus there are public interest considerations that transcend the conferring of a financial benefit on a prevailing party."  *Ackerly Comm's v. City of Salem*, 752 F.2d 1394, 1397 (9th Cir. 1985) (quoting *Seattle School Dist. No. 1 v. Washington*, 633 F.2d 1338, 1348 (9th Cir. 1980) (emphasis added by *Ackerly* court), *aff'd* 458 U.S. 457 (1982).

//

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 5



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

B. <u>ATTORNEYS' FEES AWARD SHOULD BE LODESTAR DETERMINED.</u>

The amount of damages awarded under consumer-protection statutes, including RESPA, often has borne no relation to the amount of attorneys' fees granted.  "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits ultimately obtained by successful litigants.'"  *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted).  Upon finding a statutory violation and damages, the attorneys' fees award should be made in the lodestar amount.  *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983).  In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *See Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987*)* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)*; Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995). This methodology results in a "presumptively reasonable" fee award.  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  The lodestar analysis is generally considered the appropriate method of determining attorneys' fees in statutory fee cases such as this case because the fee shifting of fees serves the public policy of encouraging private enforcement of the substantive rights created by Congress.  Manual for Complex Litigation §24.13 (3rd ed. 1995).

In calculating the lodestar, the Court should consider ***any*** applicable and relevant factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S.

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 6



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

951, 48 L. Ed. 2d 195, 96 S. Ct. 1726 (1976). *See Jordan v. Multnomah County, supra,* 815 F.2d at 1264 n.11. The factors for consideration include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and/or (12) awards in similar cases. *Id.*

Finally, because of the policy purposes described above, success in a RESPA rights case does not mean that the attorneys fees must be proportionate to the amount of the recovery – the notion for which has been firmly rejected by courts with regard to consumer-protection matters "[s]ince there will rarely be extensive damages . . . requiring that attorney fees be proportionate to the amount recovered would discourage vigorous enforcement[.]." *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 974 (4th Cir. 1987). For example, in *Armstrong v. The Rose Law Firm*, P.A., 2002 WL 31050583 (D.Minn., Sept. 5, 2002), the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), aff'd 271 B.R. 696 (S.D.Fla. 2001). In *Gradisher v. Check Enforcement Unit, Inc.*, 2003 U.S. Dist. LEXIS 753 at *18 (W.D. Mich. 2003) the court awarded $92,401.00 in attorney fees when plaintiff received $1,000.00 in FDCPA statutory damages.

In the present case, plaintiff obtained results that effectively vindicated the policy goals of RESPA. Her attorneys are therefore entitled to compensation as requested herein for the time



spent in reaching that result.

1. <u>The Court Should Consider the Time Limitations Imposed by the Client and the Circumstances.</u>[3]

GMACM did not respond to plaintiff's requests for loan documents until March 3, 2008, almost 40 days after the third QWR and 180 days after the first QWR.  Missing were several documents, including ***all loan documents pertaining to the 10.75% HELOC***.   The 10.75% HELOC loan documents were not produced until receipt of defendants' Initial Disclosure on September 3, 2008 – almost an entire year after plaintiff's initial QWR of September 7, 2007, and 103 days <u>after</u> suit had been filed.  In the meantime, foreclosure of the Snohomish residence had been scheduled, on the eve of which suit was filed to preserve plaintiff's rights – all without benefit of all the loan documents to which she was entitled.

2. <u>The Court Should Consider that the Attorney Hourly Rates are Reasonable</u>

In order to encourage able counsel to undertake consumer rights cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases.  *See Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995) (paying counsel at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law).  Here, counsels' hourly rates are commensurate with those in other types of cases, as outlined in the supporting declaration submitted herewith, and are as follows:  Shelly Crocker - $350 (2008)/$375 (2009); Cynthia Kuno - $350 (2008)/$375 (2009); Joanne Lipson - $350;Antoinette M. Davis - $275 (2008)/$300 (2009); Zeshan Khan - $275; Taryn M. Darling Hill - $225 (2008)/$250 (2009); Jamie McFarlane - $195; Tereza Simonyan - $195 (2009) and Law Clerks - $125.  These are the prevailing market rates in this type of representation.  *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

---

[3] Plaintiff incorporates by reference the facts as outlined in all of her declarations and summary judgment pleadings, including responses, other supporting declarations, replies and surreplies, before this Court.

PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES - 8



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

### 3. The Court Should Consider the Time and Labor Expended.

In this action, the parties settled only after plaintiff's counsel filed a Complaint to obtain all loan documents, including those for the 10.75% HELOC that were not produced in response to any of the three QWRs, engaged in discovery (including multiple Fed. R. Civ. P. 37 conferences initiated by plaintiff), defended several motions (including a motion to disqualify plaintiff's counsel), filed and responded to summary judgment motions that resulted in the Court finding multiple RESPA violations, and participated in two mediations and pretrial activities.  Plaintiff's counsel Resolve Legal spent 1418.6 to resolve her matter.  Attorneys (including law clerks) spent 1162.6 hours, while litigation support, i.e., paralegals and legal assistants, dedicated an additional 256 hours through date of settlement.  All time listed immediately above has been reduced by more than 23% in write-offs, including pre-litigation time of 82.5 hours and 247.8 litigation time, for a combined write-off of 330.3 hours.  Note that fees requested are further discounted by 25%, as discussed below.

### 4. The Court Should Consider That Fees are Contingent as Opposed to Fixed.

In this case, and in similar cases filed under the consumer-protection statutes like RESPA, individual client recoveries are not large.  Moreover, like Ms. Moon, many plaintiffs in mortgage litigation cases have limited financial resources.  Therefore, unlike defense counsel in these cases, it is not feasible for a client to pay a lawyer an hourly rate to prosecute a case.  Plaintiff's counsel, in this and similar cases, are paid only when the plaintiff prevails and the statute upon which the claim is allowed provides for attorneys fees.

### 5. The Court Should Consider the Results Obtained.

The core of plaintiff's claims against defendant was its repeated pattern of failing to acknowledge and produce her loan documents as requested in three separate QWRs, enabling her and her attorneys to assess the terms of her loan and negotiate an alternative short of foreclosure.  The Court determined on summary judgment that defendant was indeed liable for

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 9


RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

its (1) failure to acknowledge within 20 days all three letters and (2) failure to respond by producing within 60 days the loan documents as it relates to the first of the three letters. However, plaintiff contends defendant violated RESPA six times because it failed to produce *any* loan documents for plaintiff's second mortgage – the 10.75% open-ended HELOC until 103 days *after* the lawsuit had been filed and Fed. R. Civ. P. 26 initial disclosures were had. Left for trial was the question of whether defendant engaged in a pattern or practice and caused Ms. Moon emotional distress when it violated RESPA, and whether defendant violated the CPA – all of which plaintiff believes she would have succeeded on at trial. Statutory damages, including pattern or practice, would have likely resulted in a judgment of $13,000.

As part of the settlement, defendant agreed to pay plaintiff $10,000, as well as to forgive the entire deficiency on the 10.75% open-ended HELOC. Defendant further agreed to submit to the Court the question of reasonable attorneys' fees and costs incurred in the litigation. In sum, plaintiff was successful in obtaining the best possible result in this lawsuit.

6. <u>The Court Should Consider the Undesirability of the Case.</u>

It is unfortunate, but true, that consumer rights cases in general do not attract as many lawyers as other types of contingency fee cases because the risks of litigation often outweigh the potential financial reward. In this instance, excluding the potential of emotional distress damages under RESPA that was to be decided at trial, the most plaintiff could have obtained at trial was a statutory award of $13,000 – after proving pattern and practice and that the CPA applied. By the time plaintiff finally received all of her loan documents through initial disclosures on September 3, 2008, she had incurred attorneys' fees of $49,549.00, which were in most part incurred because defendant refused to produce all loan documents. Even that early in this litigation, the attorneys' fees significantly outweighed the amount of the maximum statutory recovery. This lack of extensive damages and the work required to obtain the same at

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 10

RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

trial or even at summary judgment makes this and such cases undesirable, at best.

    7.  <u>The Court Should Consider the Experience, Reputation, and Ability of the Attorneys.</u>

Resolve Legal attorneys are experienced and able counsel, with extensive experience prosecuting consumer and civil rights cases, as described in the declaration of counsel.

    8.  <u>The Court Should Consider the Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case.</u>

For more than two years, September 2007 – November 2009, Resolve Legal represented plaintiff. Initially, it was anticipated that counsel would be able to obtain plaintiff's loan documents to work with defendant to assess and negotiate a viable solution short of foreclosure of the Snohomish residence and certainly the underlying litigation. More than 1418.6 hours of attorney and litigation support time later, Resolve Legal has spent approximately 25 % of its consumer practice, including bankruptcy, on this matter alone. The time spent litigating this case could have been dedicated to paying clients Resolve Legal had to refer out to other counsel due to a lack of capacity to take on additional employment.

C.  <u>LODESTAR CALCULATION.</u>

Resolve Legal maintains detailed contemporaneous time records, and submits application to the Court for lodestar fees of $213,987.00. *See* Declaration of Shelly Crocker that provides details of total attorneys' fees of $359,278.00 incurred, write-offs ($73,962.00) and discretionary reductions ($71,329.00). The hours submitted to the Court for consideration, along with rates and totals, are described in detail below.

1. Shelly Crocker, Member – 25.2 hours at $350 and 37 hours at $375 for lodestar calculation of $22,695.00.

2. Zeshan Khan, former Senior Associate – 135.2 hours at $275 for lodestar calculation of $37,180.00.

3. Antoinette M. Davis, Senior Associate – 3.5 hours at $275 and 597.8 hours at $300 for

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 11



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

lodestar calculation of $180,302.50.

4. Taryn M. Darling Hill, Associate - .20 hours at $225 and 45 hours at $250 for lodestar calculation of $7,195.00.

5. Jamie McFarlane, Associate – 36.4 hours at $195 for lodestar calculation of $7,098.00.

6. Tereza Simonyan, Associate –2 hours at $195 for lodestar calculation of $390.00.

7. Jennifer Dumas, Senior Associate – 16.20 hours at $300 for lodestar calculation of $4,860.00.

8. Cynthia Kuno, Member – 1.1 hours at $350 for lodestar calculation of $385.00.

9. Joanne Lipson, Of Counsel – 6.8 hours at $350 for lodestar calculation of $2,380.00.

10. Law Clerks – 10.5 hours at $125 for lodestar calculation of $1,312.50.

11. Karly Stevens, Legal Assistant – 99 hours at $90 for lodestar calculation of $8,910.00.

12. Nancy Hunter, Senior Paralegal – 3.6 hours at $125 for lodestar calculation of $450.

13. Thao Nguyen, Senior Paralegal – 40.2 hours at $140 and 46.1 hours at $150 for lodestar calculation of $12,543.00.

The entries total $285,316.00, which have been further discounted by 25% (or $71,329.00), as described in the supporting declaration, for a total lodestar fee request of ***$213,987.00***.

D. <u>PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES.</u>

Plaintiff requests the award of costs and litigation expenses in addition to an award of attorneys' fees. RESPA grants the successful plaintiff "the costs of the action." *See* 12 U.S.C. §2605(f). A prevailing plaintiff is entitled to an award of the same out-of-pocket litigation expenses that are normally billed to a fee-paying client, including costs incurred in travel, courier, telephone, faxing, postage and photocopying and computerized research. *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th Cir. 1994), *Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992), *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999). Plaintiff's

PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES - 12



720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com

adjusted litigation expenses and costs incurred in the underlying action are $8,829.49.

E. <u>PLAINTIFF IS ENTITLED TO COMPENSATION FOR THE TIME AND EXPENSES INCURRED IN BRINGING THIS MOTION.</u>

An award of fees is appropriate for the time expended in pursuing a Motion for Reasonable Attorneys' Fees and Costs. *Commissioner v. Jean*, 496 U.S. 154, 164, 110 S.Ct. 2316 (1990), *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir. 2002) *Jordan v. Multnomah County*, 815 F.2d at 1264, *supra*. As of the filing of this motion, Ms. Davis has spent approximately 30 hours drafting this motion, along with the supporting declarations. Ms. Crocker has also spent time. Counsel anticipates spending additional time drafting a reply memorandum, preparing for and appearing at the hearing on attorneys' fees. Plaintiff's counsel will submit a supplemental declaration concerning this additional time.

## VI.   CONCLUSION

Based upon the lodestar calculation, attorneys' fees should be awarded to plaintiff's counsel in the amount of ***$213,987.00***. An award of $8,829.49 in costs and litigation expenses should also be awarded. Alternatively, plaintiff requests fees, costs and expenses the Court determines as otherwise reasonable.

DATED this 18th day of December 2009.

RESOLVE LEGAL PLLC

By  */s/ Shelly Crocker*
      Shelly Crocker, WSBA #21232
      Antoinette M. Davis, WSBA #29821
Attorneys for plaintiff Judith Moon

PLAINTIFF'S MOTION FOR ATTORNEYS FEES,
COSTS AND EXPENSES - 13



RESOLVE LEGAL PLLC
A DEBT RELIEF AGENCY

720 Olive Way, Suite 1000, Seattle, WA 98101-2509
p: 206.624.0123  f: 206.624.8598  www.resolvelegal.com